UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOOTER L. ROBINSON                                    PETITIONER

VERSUS                              CIVIL ACTION NO. 1:15CV83-LG-RHW

FRANK SHAW et al                                      RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Scooter L. Robinson's amended 28 U.S.C. § 2254 petition for writ of habeas corpus.  Doc. [9].  Robinson challenges the constitutionality of a judgment of conviction entered against him on June 7, 2012, by the Hancock County Circuit Court.  *Id.* at 1.  Robinson was indicted for failure to stop a motor vehicle upon signal by a law enforcement officer (Miss. Code Ann. § 97-9-72(2)) and aggravated assault on a peace officer (Miss. Code Ann. § 97-3-7(2)).  Doc. [16-1] at 6-7.  The indictment later was amended to charge Robinson as an habitual offender pursuant to Miss. Code Ann. § 99-19-83.  Doc. [15-1] at 4; Doc. [16-4] at 140-41; Doc. [16-5] at 79-80.  A jury convicted Robinson on both counts in the indictment.  Doc. [15-1] at 4; Doc. [16-5] at 81-82.  The trial court then sentenced Robinson as an habitual offender and imposed two concurrent life sentences.  *Id.*

Robinson filed a timely notice of appeal.  Doc. [15-1] at 4.  His appellate attorney filed a brief pursuant to *Lindsey v. State of Mississippi*, 939 So.2d 743, 748 (Miss. 2005), representing that there were no arguable issues to present to the appellate court.  *Id.* at 5; Doc. [16-12] at 2-14. The Mississippi Court of Appeals allowed Robinson the opportunity to file a pro se brief.  Doc. [16-11] at 65.  Accepting the court's invitation, Robinson filed a brief raising the following issues:  (1) he was denied a speedy trial; (2) the trial court erred in denying his motion for new counsel and a continuance; (3) he was denied an initial appearance or preliminary hearing; (4) the

trial court erred by imposing sentence as an habitual offender in the presence of the jury; (5) Robinson was denied proper assistance of counsel at the appellate stage; and (6) there was an unreasonable delay between Robinson's arrest and indictment.  Doc. [16-12] at 32-39.  After considering each of Robinson's claims, the Mississippi Court of Appeals affirmed the conviction and sentence.  Doc. [15-1].  Robinson filed the instant § 2254 petition asserting the same claims as those raised on direct appeal.

## Law and Analysis

With the exception of Robinson's claim regarding ineffective assistance of appellate counsel, each of the claims raised in Robinson's § 2254 petition was considered and rejected by the Mississippi Court of Appeals.  Accordingly, the Court must consider those claims in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact.  *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000).  As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court.  A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts.  *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005).  A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principal to the facts of the petitioner's case.  *Id*.  As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).  Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

### Speedy Trial

Robinson argues that he was denied his constitutional right to a speedy trial.  In his petition, he recites the chronology of his arrest, indictment, detainer, arraignment, and trial.  He does not explain how the state court's decision regarding the speedy trial claim was contrary to, or involved an unreasonable application, of federal law.  Nor does he assert that the state court's decision involved an unreasonable determination of the facts.  Both the trial court and the Mississippi Court of Appeals considered and rejected Robinson's speedy trial claim.  The record

reflects that on January 17, 2009, while in police custody in Pearl River County, Robinson escaped.  On that same day, police officers conducted a high-speed pursuit of Robinson and eventually apprehended him in Hancock County.  Robinson remained in custody from January 17, 2009, until the time of his trial.  In July 2009, Robinson pleaded guilty in Pearl River County to charges of possession of precursor chemicals and felony fleeing.  On May 14, 2010, Robinson was indicted in Hancock County for failure stop a motor vehicle and aggravated assault on a police officer.  While in MDOC custody, Robinson received a copy of a detainer in June 2010.  The detainer indicated that Hancock County had a hold on him for the charges of failure to stop and aggravated assault.  Robinson filed a pro se motion for speedy trial on May 23, 2011.  Robinson was later arraigned on October 19, 2011, and his attorney filed a motion for speedy trial on October 21, 2011.  His trial was originally set for February 13, 2012, but later re-scheduled for June 4, 2012.

The Sixth Amendment guarantees every accused the right to a speedy trial.  *Amos v. Houston*, 646 F.3d 199, 204 (5th Cir. 2011).  A speedy trial claim involves review of a state court's application of a broad, general standard whose application can demand a substantial element of judgment.  *Id.* at 205.  The right to a speedy trial "is a more vague concept than other procedural rights" and it is "impossible to determine with precision when the right has been denied."  *Barker v. Wingo*, 407 U.S. 514 (1972).  Pursuant to the Supreme Court's decision in *Barker*, a court weighs the following four factors:  (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) prejudice to the defendant.  "This four-factor balancing test eschews 'rigid rules' and 'mechanical factor-counting' in favor of 'a difficult and sensitive balancing process.'"  *Amos* 646 F.3d at 205.  "If there is any

4

objectively reasonable basis on which the state court could have denied relief, AEDPA demands that we respect its decision to do so." *Id.*

With respect to the first factor, Robinson was arrested in January 2009, but his trial did not occur until June 2012.  Because the bare minimum of delay to trigger a *Barker* analysis is one year, the trial court correctly determined that the delay was of sufficient length to require a more detailed analysis under *Barker*.   Doc. [16-6] at 63; *see Amos*, 646 F.3d at 206.  For this first factor to strongly favor the accused, the delay must persist for at least 18 months above the bare minimum.  *Id.*  Because the delay in Robinson's case persisted for a total of three and a half years from the time of his arrest, the undersigned finds that this factor should have weighed strongly in favor of Robinson.  *See id.*; *Goodrum v. Quarterman*, 547 F.3d 249, 256 (5th Cir. 2008)(holding that two-and-a-half year delay weighed heavily in petitioner's favor).

With respect to the second *Barker* factor, the trial judge determined that the delay was not deliberate and therefore assigned it a "neutral value".  Doc. [16-6] at 64.  The trial judge was correct in that the record does not reflect any deliberate delay by the state.  However, at the hearing on the motion, the state appeared to confess some degree of negligence in failing to bring this case to trial sooner.  The state acknowledged that Robinson was in custody of the Mississippi Department of Corrections from the time of his arrest and that the state possessed resources by which it could have discovered that he was in state custody.  *See* Doc. [16-6] at 38, 47-50.  The trial judge and Mississippi Court of Appeals failed to address the state's negligence in causing the delay.  The Fifth Circuit has indicated that "negligent delays" weigh against the state, but not heavily.  *Amos*, 646 at 207; *Goodrum*, 547 F.3d at 258-59.  Although the trial court assigned this factor a "neutral value", the trial court did in fact find that this factor "weighs less heavily".  Doc.

[16-6] at 64.

The third *Barker* factor asks whether the defendant diligently asserted his right to speedy trial. *Amos*, 646 at 207. The burden is on the defendant to alert the government of his grievances. *Id.* If a petitioner makes vigorous and timely assertions of the right to speedy trial, this factor weighs strongly or heavily in the petitioner's favor. *Goodrum*, 547 F.3d at 259. The trial court found that Robinson asserted his right to a speedy trial in October 2011, the date that Robinson's attorney filed a motion to dismiss on speedy trial grounds. Doc. [16-6] at 64-65. Robinson asserts in his petition that he first filed a motion for speedy trial in May 2011. The record reflects that Robinson filed a pro se "Motion to Dismiss Due to Violation of the Speedy Trial Rule" and a "Motion for a Fast and Speedy Trial" on May 23, 2011. Doc. [16-1] at 10-19. Contrary to the trial court's finding, the undersigned concludes that Robinson filed his first motion requesting a speedy trial on May 23, 2011, approximately five months sooner than acknowledged by the trial court.

Robinson was indicted on May 14, 2010. It is not clear from the record whether Robinson was served with a copy of the indictment; however, in the pro se motion for speedy trial, Robinson conceded that he became aware of the detainer relating to the charges on or about June 28, 2010. Doc. [16-1] at 11. The detainer in question specifically lists the charges of failure to stop a motor vehicle and aggravated assault and is addressed to the Hancock County Sheriff's Department. Doc. [16-1] at 24. Hence, Robinson waited for more than a year after being put on notice of these charges before he filed the speedy trial motion. *Compare Goodrum*, 547 F.3d at 260 (petitioner invoked speedy trial right within two days of receiving notice of detainer); *Hoskins v. Wainwright*, 485 F.2d 1186, 1194 n.10 (5th Cir. 1973)(petitioner made

6

demand for immediate trial when he first learned of presence of a detainer warrant). The trial court found that defense counsel asserted Robinson's right to a speedy trial in October 2011 and stated that the "factor is duly considered", but did not indicate what weight, if any, to give the factor. Doc. [16-6] at 65. Given the one-year or more delay in asserting his right to speedy trial, the undersigned finds that, at the very least, this factor should not have weighed heavily in Robinson's favor. *See United States v. Parker*, 505 F.3d 323, 330 (5th Cir. 2007)(holding that defendant's fourteen-month delay after indictment in asserting right to speedy trial weighed against him); *Robinson v. Whitley*, 2 F.3d 562, 569 (5th Cir. 1993)(twelve-month delay after arrest before asserting right to speedy trial).

The fourth and final factor is the prejudice suffered by defendant resulting from the delay. *Amos*, 646 F.3d at 208. Ordinarily the burden is on the defendant to demonstrate actual prejudice. However, if the other three *Barker* factors weigh heavily in the defendant's favor, it may warrant a presumption of prejudice, relieving the defendant of his burden. *Id.* As discussed above, the second and third *Barker* factors do not weigh heavily in Robinson's favor. Even if only one of these factors did not weigh heavily in his favor, the burden still would remain on Robinson to demonstrate actual prejudice. Because he is not entitled to a presumption of prejudice, Robinson is required "to make a particularized showing of how the delay impacted him." *Goodrum*, 547 F.3d at 260-61.

Actual prejudice is assessed in light of the three interests of the defendant: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Amos*, 646 F.3d at 208. Robinson has failed to identify any prejudice resulting from the delay. Robinson remained in custody on

unrelated charges from the time of his January 2009 arrest until trial; therefore, he was not subject to oppressive pretrial incarceration.  In fact he pleaded guilty to the unrelated charges a mere five months after the January 2009 arrest and remained in custody of MDOC from that time forward.  The trial court found that the "record is devoid and no evidence has been offered of any lost evidence or unavailability of witnesses as to how the defense would be specifically impaired." Doc. [16-6] at 65.  Robinson does not provide any particularized showing of prejudice to contradict this finding.

Based on the foregoing, the undersigned finds that Robinson has failed to demonstrate that the state court's decision regarding the speedy trial claim was contrary to, or involved an unreasonable application, of federal law; or that the state court's decision involved an unreasonable determination of the facts in light of the evidence.  Accordingly, Robinson has failed to demonstrate a violation of his Sixth Amendment right to a speedy trial.

**Motion for New Counsel and Continuance**

Robinson contends that the trial court erred in denying his motion to continue and for new counsel.  The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense.  *United States v. Morrison*, 449 U.S. 361, 364 (1981).  Part of this guarantee is a criminal defendant's non-absolute right to retain the attorney of his choice.  *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980).  The freedom to select counsel of one's own choosing may not be used for purposes of delay, and last minute requests are disfavored.  *Id.*  "To warrant federal habeas relief, the denial of the continuance must have been not only an abuse of discretion but also 'so arbitrary and fundamentally unfair that it denied [petitioner] due process.'"  *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988); *see*

8

*also Dismukes v. Collins*, 3 F.3d 438 (5th Cir. 1993).  A petitioner making this claim must show that the denial of a continuance caused prejudice.  *Id.*

On the day trial was to begin, Robinson moved for a continuance so that he could hire a new attorney.  Doc. [16-6] at 6.  Robinson stated that he and his attorney had "butted heads a little bit".  *Id.* at 9.  He felt that his attorney was making excuses for the state, that she urged him to plead guilty, that she conspired with the state, that she did not make a speedy trial argument on his behalf, and that he did not trust her.  *Id*. at 10-23.  Prior to denying the motion, the trial court questioned Robinson and trial counsel in detail about counsel's representation of Robinson.  The Mississippi Court of Appeals held that Robinson's claim was procedurally barred because he failed to cite any relevant authority in support of his claim.  Doc. [15-1] at 7.  The Mississippi Court of Appeals also held that the last minute request for a continuance to retain new counsel was within the trial court's discretion and that there was no manifest injustice resulting from the denial in this case.  *Id.*  As noted by the appellate court, the trial judge questioned Robinson and defense counsel regarding their disagreements but that he found defense counsel to be "fully competent, fully prepared [and] fully capable."  *Id.*

Robinson makes only the bare assertion that the trial court denied his motion for a continuance to obtain new counsel.  He does not identify any prejudice to his defense as a result of the trial court's denial.  Robinson's last minute request for a continuance in order to obtain new counsel is precisely the type of action disfavored under Sixth Amendment analysis. Robinson does not allege that the state court's decision was contrary to, or involved an unreasonable application, of federal law; or that the state court's decision involved an unreasonable determination of the facts in light of the evidence.  Accordingly, the undersigned

finds that Robinson's claim is without merit.

**Initial Appearance and Preliminary Hearing**

Robinson asserts that he did not receive an initial appearance, preliminary hearing, or prompt appointment of counsel after his arrest. During pretrial motions, defense counsel argued that the charges against Robinson should be dismissed because the state failed to afford Robinson an initial appearance and preliminary hearing. Doc. [16-6] at 30, 33-34. The trial court denied the motion. The Mississippi Court of Appeals also considered the issue and found it to be without merit under Mississippi law. Doc. [15-1] at 7-8. Robinson offers no explanation as to how the state court's decision was contrary to, or involved an unreasonable application, of federal law; or how the state court's decision involved an unreasonable determination of the facts in light of the evidence.

The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). A probable cause determination should be made within 48 hours following a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). However, even assuming that Robinson was not afforded a probable cause hearing within 48 hours of his arrest, the Supreme Court has held that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. In the instant matter, Robinson seeks to have his conviction vacated based on the state's failure to provide him with a probable cause hearing. The undersigned finds that Robinson is not entitled to habeas relief on this ground. *See Montoya v. Scott*, 65 F.3d 405, 421

(5th Cir. 1995).

Robinson's argument could also be construed as asserting a Sixth Amendment violation because he contends that he was not promptly appointed counsel after his arrest. The Sixth Amendment right to counsel attaches upon the initiation of adversary judicial proceedings. *United States v. Laury*, 49 F.3d 145, 150 (5th Cir. 1995); *United States v. Shaw*, 701 F.2d 367, 380 (5th Cir. 1983). The Sixth Amendment right to counsel is violated if a criminal defendant is denied counsel at a critical stage of prosecution. *Shankles v. Director, Texas Dep't of Crim. Justice*, 877 F.Supp. 346, 366 (E.D.Tex. 1995). A critical stage is one that substantially affects the defendant's rights. *Id.* The initiation of judicial proceedings by arraignment, initial appearance, or preliminary hearing are recognized as critical stages. *Id.* In essence Robinson argues that he was not appointed counsel because judicial proceedings (in the form of an initial appearance or preliminary hearing) were delayed. Robinson was indicted on May 14, 2010, and arraigned on October 19, 2011. He was appointed counsel on the date of arraignment. Doc. [16-1] at 45-47. There is no indication that Robinson faced any critical stage of prosecution prior to his arraignment on October 19, 2011. Accordingly, the undersigned finds that there is no Sixth Amendment violation relating to Robinson's right to counsel.

## Separate Hearing for Habitual Offender Sentence

Robinson next complains that the trial court erred because it did not give him a separate hearing outside the presence of the jury when it sentenced him as an habitual offender. Rule 11.03 of Mississippi's Uniform Rules fo Circuit and County Court Practice provides that "[i]f the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions." The purpose of a

11

bifurcated hearings on guilt and habitual offender status is to give the defendant an opportunity to challenge the fact of his prior convictions in a setting separate from the guilt-determination phase. *See Hilliard v. State of Mississippi*, 175 So. 3d 554, 561-62 (Miss. Ct. App. 2015). Under Mississippi law, a bifurcated trial regarding habitual offender status is mandatory. *See Seely v. State of Mississippi*, 451 So.2d 213, 214 (Miss. 1984). "A jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof." *Id.* at 215. However, bifurcated trials generally are not recognized as a federal constitutional right. *See United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969), *quoting, Spencer v. State of Texas*, 385 U.S. 554, 567-568 (1967) ("Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure.").

Robinson's claim fails for several reasons. First, he did not request a separate hearing at the time of sentencing; therefore, the claim is procedurally barred. *See* Miss. Code Ann. § 99-39-21(1)(Mississippi's contemporaneous objection rule); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)(federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(holding that Mississippi's contemporaneous objection statute is an independent state procedural bar). Second, the motion to amend the indictment to include Robinson's habitual offender status was filed prior to trial and discussed outside the presence of the jury during pre-trial motions. Third, although the jury was present when Robinson ultimately was sentenced under § 99-19-83 as an

habitual offender, the jury already had rendered its verdict prior to the trial court sentencing

Robinson.  The trial court simply allowed the jury to observe the separate sentencing hearing, but

the jury did not actively participate because the habitual offender issue was decided by the court

and not the jury.  Fourth, Robinson does not allege that the state court's decision was contrary to,

or involved an unreasonable application, of federal law; or that the state court's decision

involved an unreasonable determination of the facts in light of the evidence.  Fifth, Robinson

challenges the state courts' application and interpretation of state law, which does not implicate

any federal constitutional rights.  *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995);

*Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994).  Accordingly, the undersigned finds that

Robinson's claim is without merit.

**Delay between Arrest and Indictment**

Robinson contends that the delay between his arrest (January 17, 2009) and indictment

(May 14, 2010) caused him to serve one year of an unrelated conviction in Pearl River County

prior to the indictment for the Hancock County conviction that he challenges in the instant

petition.  He argues that as a consequence of this delay the Pearl River County conviction

qualified as a prior offense under the Mississippi habitual offender statute (Miss. Code Ann.

§ 99-19-83).  Robinson escaped from the custody of Pearl River County on January 17, 2009.  He

was arrested later that same day for failure to stop and aggravated assault of a peace officer.  On

July 13, 2009, Robinson pleaded guilty to possession of precursor chemicals and felony fleeing

in Pearl River County.  On May 14, 2010, Robinson was indicted in Hancock County on the

instant offenses (failure to stop and aggravated assault).  Thus there was approximately a sixteen-

month delay between arrest and indictment.

13

A pre-indictment delay is analyzed under the Fifth Amendment's Due Process Clause. *United States v. Byrd*, 31 F.3d 1329, 1339 (5th Cir. 1994). The applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges; however, an indictment can be dismissed if a petitioner can show (1) that substantial prejudice resulted from the delay in seeking an indictment and (2) that the delay was an intentional measure to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 322 (1971). By itself, the passage of a long period of time is not enough; even if the delay was harmful to the defendant. *United States v. Carlock*, 806 F.2d 535, 549 (5th Cir. 1986). The petitioner must show that the government intentionally delayed an indictment to gain a tactical advantage and that the delay caused actual and substantial prejudice. *Id.*

The Mississippi Court of Appeals considered and rejected Robinson's claim that the sixteen-month delay resulted in prejudice. Doc. [15-1] at 6-7. Robinson fails to allege that the state court's decision was contrary to, or involved an unreasonable application, of federal law; or that the state court's decision involved an unreasonable determination of the facts in light of the evidence. There is no indication in the record that the state intentionally delayed Robinson's indictment in order to gain a tactical advantage. Robinson committed the offenses of possession of precursor chemicals and felony fleeing in Pearl River County prior to committing the Hancock County offenses challenged in the instant petition. He eventually pleaded guilty to the Pearl River County charges in July 2009, approximately five months after his arrest. He then was indicted for the Hancock County offenses in May 2010, and the state filed a motion to amend the indictment to add habitual offender status three weeks prior to trial. Pursuant to Mississippi law, the only date requirement in the statute is that the enhancing conviction precede the new

14

conviction. *Foxworth v. State of Mississippi*, 94 So.3d 1178, 1182 (Miss. Ct. App. 2000).  In this case, it is undisputed that the enhancing convictions preceded the new convictions.  Robinson has failed to demonstrate actual prejudice from the pre-indictment delay that would give rise to habeas relief.

**<u>Ineffective Appellate Counsel</u>**

Robinson argues that appellate counsel was ineffective.  Appellate counsel filed a brief stating that he found no arguable issues to raise on direct appeal.  The Mississippi Court of Appeals acknowledged that appellate counsel filed a brief and noted the issues examined by counsel.  Doc. [15-1] at 5.  The Mississippi Court of Appeals permitted Robinson to file a pro se brief.  *Id.*  The court then reviewed the record along with Robinson's claims and found "no arguable issues on appeal that would warrant supplemental briefing".  *Id.*

Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy *Strickland*, Robinson must demonstrate not only that counsel was objectively deficient and not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the defense.  *Id*.  In order to show that counsel's performance was deficient, Robinson "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id*. at 690.  For the second prong, in order to show that his defense was prejudiced, Robinson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  *Id*. at 694.  Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."

*Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.1995).

Robinson fails to demonstrate either deficiency of performance or prejudice.  Other than complaining that appellate counsel could find no arguable issues for appeal, Robinson does not identify any specific alleged deficiencies on the part of appellate counsel.  The appellate court nevertheless permitted Robinson to file a pro se brief, thereby alleviating any potential prejudice, because the state court ultimately considered each of Robinson's contentions of error on direct appeal.  The Mississippi Court of Appeals found Robinson's claims to be without merit.  Appellate counsel was not deficient in failing to raise the same meritless claims that Robinson raised in his pro se brief.  *See Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1999)("[w]hen we do not find prejudice from the trial error, by extension, we cannot find prejudice from an appellate error predicated on the same issue."); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998)(holding that counsel's failure to make frivolous objection does not cause performance to fall below objective level of reasonableness).

**<u>Evidentiary Hearing</u>**

Robinson filed a motion for evidentiary hearing on January 20, 2017.  Doc. [25].  In his two-page motion, Robinson simply asserts his desire for an evidentiary hearing on the factual basis of his petition.  In certain limited circumstances a federal court may conduct an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); *Guillory v. Cain*, 303 F.3d 647, 650 n.5  (5th Cir. 2002).  On habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Section 2254 allows an evidentiary hearing in federal court only under narrow circumstances.  *See McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011)(citing § 2254(e)(2)).  Specifically, the statute provides that an evidentiary hearing may be

held if

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The focus of § 2254(e)(2) is to limit the discretion of federal district courts in holding hearings. *Id.* Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). Moreover, the Fifth Circuit has held that a paper hearing is sufficient to afford petitioner a full and fair hearing on the factual issues underlying his claims. *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Robinson makes no effort to demonstrate that he meets the requirements of § 2254(e)(2) for an evidentiary hearing. Accordingly, the undersigned recommends denying his motion.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Robinson's 28 U.S.C. § 2254 petition be denied and dismissed with prejudice, and that his [25] Motion for Evidentiary Hearing be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 27th day of January, 2017.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE