IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SCOOTER L. ROBINSON**                                                                                      **PETITIONER**

v.                                                                                     CAUSE NO. 1:15CV83-LG-RHW

**FRANK SHAW, ET AL.**                                                                                **RESPONDENTS**

**ORDER ADOPTING PROPOSED FINDINGS
OF FACT AND RECOMMENDATION AND
<u>DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS CAUSE comes before the Court on the Proposed Findings of Fact and Recommendation [26] of United States Magistrate Judge Robert H. Walker entered on January 27, 2017. Magistrate Judge Walker reviewed Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the Respondent's answer, and the state court record. He determined that the grounds asserted in the Application did not entitle Petitioner to relief, and therefore recommended that the application be denied and the petition dismissed. The petitioner filed an objection to the Proposed Findings of Fact and Recommendation, which the Court overrules. The Magistrate Judge's recommendation will be adopted by the Court, and this cause dismissed.

BACKGROUND

Petitioner Robinson was convicted of failure to stop for a law enforcement officer and aggravated assault on a peace officer as a habitual offender. It appears from the record that Robinson had been arrested on a drug charge in Pearl River County and was in a hospital, in police custody, when he escaped. The Mississippi Court of Appeals summarized the events that followed:

> Local law enforcement agencies were notified of Robinson's escape and worked together to determine his whereabouts. The Mississippi Highway Patrol (MHP) encountered Robinson on the highway and a high-speed pursuit followed. Robinson eventually pulled over, but when Trooper Paul Fernandez asked Robinson (the driver) to step out of the car, he sped off. Trooper Fernandez notified local law enforcement of Robinson's location, and they set up a roadblock. Approaching the roadblock, and still in high-speed pursuit, MHP rammed Robinson's car in an attempt to stop the vehicle.
>
> When Robinson attempted to go around the roadblock, law enforcement shot at the car's tires in order to disable the vehicle. A deputy with the Pearl River County Sheriff's Department, Donnie Saucier, approached the vehicle. Initially, he went to the passenger side and shot into the right front tire. Deputy Saucier then went to the driver's side, calling Robinson by name and warning him to stop. Robinson, however, was still trying to maneuver the car to escape. Deputy Saucier reached into the car and grabbed Robinson by his shirt, attempting to apprehend him. Robinson pulled the deputy partially into the vehicle, hit the accelerator, and began dragging the officer. Fearful for his life, Deputy Saucier fired a shot into Robinson's left thigh, and Robinson released him. Deputy Saucier fell to the pavement, sustaining "minor scrapes and bruises." Law enforcement continued to pursue Robinson, whose car now had four flat tires. Trooper Fernandez hit the vehicle again, and Robinson finally stopped and surrendered to authorities.

*Robinson v. State*, 169 So. 3d 916, 919 (Miss. Ct. App. 2014).

After Robinson's conviction, the trial court sentenced him to two concurrent life sentences. He appealed his conviction, and it was confirmed by the Mississippi Court of Appeals. Robinson then filed this federal petition for writ of habeas corpus. Magistrate Judge Walker noted that, with the exception of the claim of ineffective assistance of appellate counsel, all of the grounds presented in this habeas petition had been presented to the Mississippi Court of Appeals. He applied the deferential standard of review set out in 28 U.S.C. § 2254(d) to each of the previously presented

grounds for relief and conducted a de novo review of the ineffective assistance of appellate counsel claim.

## DISCUSSION

The Court must review any objected-to portions of a report and recommendation *de novo*. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review. *Pacheco v. Corr. Corp. of Am.*, No. 5:14-CV-88-DCB-MTP, 2015 WL 5156771, at *2 (S.D. Miss. Sept. 2, 2015). *See also Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993) (no factual objection is raised when a petitioner merely re-urges arguments contained in the original petition). When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has carefully reviewed Robinson's objections to the Magistrate

Judge's findings and conclusions and finds one requiring a de novo review.  In his first ground, Robinson argued that he was denied his constitutional right to a speedy trial, because his trial occurred three and a half years after his arrest.  As the Magistrate Judge noted, the speedy trial claim was examined by the state courts under the standard set out in *Barker v. Wingo*, 407 U.S. 514 (1972), as was appropriate because of the three and a half year delay between Robinson's arrest and trial.  The Magistrate Judge concluded that the state courts had correctly found no violation of Robinson's right to a speedy trial because he did not "make a particularized showing of how the delay impacted him."  *Goodrum v. Quarterman,* 547 F.3d 249, 260-61 (5th Cir. 2008).  Robinson objects that he can make such a showing, because the delay resulted in the Mississippi Crime Lab being unable to identify which gun fired the bullet that shot him in the thigh.  Further, "the length of time to trial effected [sic] the officers['] memory because of the conflict in the officers['] testimony at trial."  (Pet. Obj. 4, ECF No. 29).

      Having reviewed the trial testimony, the Court finds no uncertainty about which officer fired the shot that hit Robinson in the thigh.  (*See* SCR Vol. 8, at 309, 329-30, ECF No. 16-8).  In any event, the issue is immaterial to whether Robinson committed the crimes charged.  Accordingly, the Court overrules Robinson's objection to the Magistrate Judge's conclusion regarding the purported speedy trial violation.

      The remainder of Robinson's objections consist of reurging the grounds for relief presented in his federal habeas petition.  The Magistrate Judge conducted a

thorough analysis of each issue, and Robinson does not demonstrate that the Magistrate Judge made an error of fact or law.  After reviewing the Proposed Findings of Fact and Recommendation, the Court finds it is neither clearly erroneous nor contrary to law.  It will be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [26] of United States Magistrate Judge Robert H. Walker entered in this cause on January 27, 2017, should be, and the same hereby is, adopted as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the petition is **DISMISSED**.  All other pending motions are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE